# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILLIAM G. EVANS and BARBARA EVANS,

    Plaintiff,

v.                                                          No. 1:23-cv-00988

GEICO ADVANTAGE INSURANCE COMPANY,

    Defendant.

## GEICO'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant GEICO Advantage Insurance Company (GEICO), by and through its attorneys, Riley | Keller | Alderete | Gonzales (Courtenay L. Keller and Taryn M. Kaselonis), submits its Answer to Plaintiffs' *Complaint for Breach of Contract and Bad Faith* filed in the First Judicial District Court, County of Rio Arriba, State of New Mexico (No. D-117-CV-2023-00349) on 09/27/23 and removed to this Court on 11/08/23 (Complaint) as follows:

## RESPONSE TO ALLEGATIONS

This Defendant responds to the allegations in the Complaint as follows:

1. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 1 and it is denied.

2. In response to paragraph 2, this Defendant admits it is a non-resident insurance company authorized by the New Mexico Superintendent of Insurance to transact business in New Mexico. This paragraph is otherwise denied.

3. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 3 and it is denied.

4. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 4 and it is denied.

5. In response to paragraph 5, this Defendant admits it issued a personal auto policy (No. 4610-10-44-42) to its named insureds William Evans and Barbara O. Pagillo (The Policy). This Defendant states The Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy. This Defendant further states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 5 and it is denied.

6. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has

insufficient information upon which to form a belief as to the truth of the allegations in paragraph 6 and it is denied.

7. Paragraph 7 is mere surplusage to which no response is required.

8. In response to paragraph 8, this Defendant admits it received a letter from Plaintiffs' counsel dated 08/29/23 which speaks for itself and denies any allegations inconsistent with the 08/29/23 letter.

9. This Defendant denies the allegations in paragraph 9.

10. This Defendant denies the allegations in paragraph 10.

11. This Defendant denies the allegations in paragraph 11.

12. This Defendant denies the allegations in paragraph 12.

## **AFFIRMATIVE AND OTHER ANTICIPATED DEFENSES**

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrine of comparative fault.

3. Plaintiffs' claims are barred, in whole or in part, insofar as the claimed injuries and damages were not caused by the auto accident that is the subject of the Complaint.

4. Plaintiffs' claims are barred, in whole or in part, to the extent the claimed injuries and damages are the result of pre-existing conditions and/or subsequent injury.

5. Plaintiffs' claims may be barred or reduced to the extent they fail or have failed to mitigate their damages.

6. Plaintiffs' claim for policy benefits may be subject to reduction or offset for amounts paid under other coverages afforded in the subject policy or under bodily injury liability insurance coverage applicable at the time of the auto accident that is the subject of the Complaint.

7. Plaintiffs' claims for extra-contractual damages are barred because this Defendant has fully performed and continues to perform its obligations under the subject policy.

8. Plaintiffs' claims for extra-contractual damages are barred because this Defendant has and continues to act in good faith and deal fairly with its policyholders.

9. Plaintiffs' claims for extra-contractual damages are barred because this Defendant acted reasonably under the circumstances in this case.

10. Plaintiffs' claims for extra-contractual damages are barred because this Defendant's reasons for not paying the amount of policy benefits demanded by Plaintiffs are reasonable under the terms of the subject policy and are neither frivolous nor unfounded.

11. Plaintiffs' claims for policy benefits and extra-contractual damages are barred because a genuine dispute exists between the parties regarding the extent of Plaintiffs' damages caused by the accident and the amount of policy benefits owed.

12. Plaintiffs' claims for policy benefits and extra-contractual damages are barred, in whole or in part, because payment of policy benefits in this case depends on issues of fact that are "fairly debatable," and because New Mexico law has expressly recognized that an uninsured/underinsured motorist insurer assumes an adversary role in defending and evaluating uninsured/underinsured motorist claims, therefore, this Defendant is entitled under New Mexico law to due process and to debate those issues.

13. Plaintiffs' claims for policy benefits and extra-contractual damages are barred because this Defendant owes no duty to pay claims it reasonably believes to be without merit or over-valued.

14. Plaintiffs' claims are barred insofar as this Defendant breached no duty owed to Plaintiffs.

15. Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs suffered no injuries or damages caused by this Defendant's alleged acts or omissions.

16. Plaintiffs' claimed extra-contractual damages are barred because this Defendant has complied with and fully performed all statutory and common law duties owed to Plaintiffs under New Mexico law.

17. Plaintiffs' claims for policy benefits and extra-contractual damages are barred insofar as Plaintiffs have failed to comply with Plaintiffs' obligations under the terms and conditions of the applicable policy.

18. Plaintiffs' claims for policy benefits and extra-contractual damages are barred insofar as Plaintiffs have failed to meet one or more conditions precedent under the subject policy.

19. Plaintiffs' claims for policy benefits and extra-contractual damages may be barred by the terms, conditions, definitions, and/or exclusions included in the applicable policy.

20. Plaintiffs' claims are barred insofar as they seek damages, costs, expenses, attorneys' fees, and interest under theories that are contrary to New Mexico law.

21. Plaintiffs' claims are barred or should be reduced insofar as they do not comport with applicable provisions of the New Mexico Insurance Code.

22. Plaintiffs may be liable to this Defendant under NMSA 1978, Section 59A-16-30 (A) if it is shown that Plaintiffs knowingly brought a groundless action.

23. Plaintiffs' claims for punitive damages are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by the New Mexico Constitution insofar as those provisions prohibit the improper taking of property, cruel and unusual punishment, and denial of due process and equal protection of the laws.

24. Plaintiffs' claims may be barred under the doctrines of waiver and estoppel, accord and satisfaction, and unclean hands.

25. Plaintiffs' claims may be barred by the applicable statute of limitations and the doctrine of laches.

26. Plaintiffs' damages may be barred or reduced to the extent Plaintiffs fail or have failed to mitigate their damages.

27. Plaintiffs' claims may be barred insofar as they are not yet ripe as a matter of New Mexico law.

28. Any claim seeking to impose joint and several liability may be barred by New Mexico law.

29. One or more of the Plaintiffs' claims may be barred for lack of standing.

30. This Defendant has not knowingly or intentionally waived any applicable defense or claim in this matter and reserves the right to amend and/or supplement its pleading and/or its defenses as discovery proceeds and insofar as independent investigation, legal research, and analysis by counsel for this Defendant reveals additional facts, adds meaning to known facts, leads to entirely new factual conclusions and legal contentions.

## **JURY DEMAND**

This Defendant hereby demands a 12-person jury.

Any allegation in the Complaint to which a sufficient response has not been made is hereby denied.

This Defendant reserves the right to amend its pleading to assert cross claims, counterclaims, and/or third-party claims.

WHEREFORE, Defendant GEICO, having responded to Plaintiffs' Complaint in full, respectfully requests that the Court enter an order of dismissal with prejudice, award

its costs and fees as permitted by law, and grant such other and further relief as may be just and proper.

Respectfully submitted:

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Taryn M. Kaselonis*
    **TARYN M. KASELONIS**
    **COURTENAY L. KELLER**
    3880 Osuna Road NE
    Albuquerque, NM 87109
    (505) 883-5030
    tkaselonis@rileynmlaw.com
    ckeller@rileynmlaw.com
    *Attorneys for GEICO Advantage*
    *Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 8th day of November, 2023, the foregoing was electronically filed through the CM/ECF filing system, causing counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

Kevin A. Zangara
P.O. Box 1359
Taos, NM 87571
kevin@zangaralaw.com
*Attorneys for Plaintiffs*

 */s/ Taryn M. Kaselonis*
    **TARYN M. KASELONIS**